1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT FOR THE

7                      EASTERN DISTRICT OF CALIFORNIA

8

9   ADAM GONZALEZ,              )        No. CV-F-03-5695 REC/DLB HC
                                )
10                              )        ORDER GRANTING IN PART AND
                                )        DENYING IN PART PETITION FOR
11              Petitioner,     )        WRIT OF HABEAS CORPUS
                                )        PURSUANT TO 28 U.S.C. § 2254
12         vs.                  )        AND DIRECTING RESPONDENT TO
                                )        INFORM THE COURT WITHIN 90
13                              )        DAYS WHETHER PETITIONER WILL
    JIM HAMLET, WARDEN,         )        BE RETRIED
14                              )
                                )
15              Respondent.     )
                                )
16  _____)

17

18       On July 26, 2005, the United States Magistrate Judge

19  recommended that the court grant petitioner's petition for writ

20  of habeas corpus with regard to petitioner's conviction of two

21  counts of arson of an inhabited dwelling in violation of

22  California Penal Code § 451(b) on the ground that the admission

23  of the out of court statement of Jesse Parraz to Detective

24  Sumpter that petitioner told Parraz that he would burn his house,

25  that petitioner admitted to Parraz that petitioner had burned his

26  house in retaliation, and that Parraz stated to petitioner that

                                  1

1    he was going to burn down petitioner's house was error pursuant

2    to Crawford v. Washington, 541 U.S. 36 (2004), which decision is

3    retroactively applicable pursuant to Bockting v. Bayer, 399 F.3d

4    1010, amended, 408 F.3d 1127, rehearing en banc denied, 418 F.3d

5    1055 (9th Cir. 2005).  The United States Magistrate Judge

6    recommended that the petition for writ of habeas corpus be denied

7    on all other grounds asserted for relief.

8        Respondent timely filed objections to the recommendation, to

9    which objections petitioner filed a timely reply.

10       Respondent's objection to the recommendation is limited to

11   the contention that this court is not bound by the decision in

12   Bockting because the Ninth Circuit has not yet issued the mandate

13   in that case.  Respondent argues that, therefore, this court is

14   free to disregard Bockting and to independently decide whether

15   Crawford is retroactively applicable to cases on collateral

16   review.[1]

17       Respondent's assertion that this court has the authority to

18   disregard the ruling made in Bockting is without merit.  See

19   Wedbush, Noble, Cooke, Inc. v. SEC, 714 F.2d 923 (9th Cir. 1983);

20   McClennan v. Young, 421 F.2d 690 (6th Cir. 1970); see also Yong

21   v. INS, 208 F.3d 1116 (9th Cir. 2000).

22       ACCORDINGLY:

23   _____

24       [1]The court notes that, on August 22, 2005, the Ninth Circuit
     stayed issuance of the mandate in Bockting pending the filing of a
25   petition for writ of certiorari.  A petition for writ of certiorari
     was filed with the Supreme Court on November 7, 2005, Case No. 05-
26   595.

2

1      1.   The petition for writ of habeas corpus is granted with

2  regard to petitioner's conviction of two counts of arson of an

3  inhabited dwelling in violation of California Penal Code § 451(b)

4  because of the admission of an out of court statement in

5  violation <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) and is

6  otherwise denied.

7      2.   Respondent is ordered to inform the court within 90 days

8  of the filing date of this Order whether the State will retry

9  petitioner on the arson counts.

10     IT IS SO ORDERED.

11 **Dated:  November 16, 2005**              ____/s/ Robert E. Coyle____
   668554                                    UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26