**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAM GONZALEZ, | CASE NO. CV-F-03-5695 OWW DLB HC |
| Petitioner, | ORDER FOLLOWING REMAND FROM NINTH CIRCUIT COURT OF APPEALS |
| vs. | |
| JIM HAMLET, WARDEN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 16, 2005, the Court granted in part and denied in part the instant petition for writ of habeas corpus. The petition was granted with respect to Petitioner's sixth amendment claim challenging the admission of an out-of-court statement. The Court granted the claim on reliance of the Ninth Circuit Court of Appeals' decision in Bockting v. Bayer, 399 F.3d 1010 (9th Cir. 2005), holding that the United States Supreme Court decision in Crawford v. Washington, 541 U.S. 36 (2004) ( which held that the Confrontation Clause of the Sixth Amendment bars the state from introducing out-of-court statements which are testimonial in nature, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the declarant), applied retroactively to cases on collateral review.

Respondent filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit challenging the retroactive application of the Crawford opinion.

1    On February 28, 2007, the Supreme Court overruled the Ninth Circuit's holding in <u>Bockting</u>,

2  finding that the <u>Crawford</u> rule does not apply retroactively to cases that are on collateral review.

3  <u>Whorton v. Bockting</u>, 127 S.Ct. 1173 (2007).

4    Accordingly, in light of the Supreme Court's decision reversing its decision in <u>Bockting</u>, the

5  Ninth Circuit Court of Appeals reversed and remanded the instant case back to this Court for

6  reconsideration of the petition applying pre-<u>Crawford</u> principles. (Court Doc. 34.)  Because the case is

7  currently briefed on the merits applying pre-<u>Crawford</u> principles, no further briefing is necessary, and

8  the Court will issue a ruling on the merits in due course.[1]

9

10    IT IS SO ORDERED.

11    **Dated:    January 3, 2008**          _____ **/s/ Dennis L. Beck** _____
                                                 UNITED STATES MAGISTRATE JUDGE

12

---

[1] The Court's docket of cases is substantial and it must act first on those cases that have been pending the longest.